| .WHIPPLE, J.
In this appeal, plaintiff challenges the judgment of the trial court maintaining the exception of no cause of action filed by one of the defendants herein and declaring that the defendant was the owner of certain immovable property at issue. Specifically, the trial court ruled that plaintiffs notice of lis pendens, which was filed in the conveyance records rather than in the mortgage records, was ineffective as to defendant, a third party purchaser. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
On June 25, 1996, plaintiff, Agnes Williams, filed suit against defendant, Michael L. Williams, seeking to have an alleged donation by Agnes to Michael of certain immovable property in Iberville Parish set aside on the grounds of ingratitude. Attached to the petition was a notice of lis pendens, bearing a stamp evidencing recordation in the conveyance records of Iberville Parish.
Thereafter, on May 80, 1997, Michael sold the property at issue to a third party. On April 20, 2000, Michael then filed a peremptory exception raising the objection of failure to join a indispensable party, ie., the party to whom he sold the property. The exception was ultimately denied, and, following trial on the merits, the trial court rendered judgment revoking the donation.
On appeal, this court reversed the trial court’s judgment, concluding that the party to whom the property had been sold (whom this court listed as “Charles Le-gard”) was an indispensable party whose joinder was necessary for complete and equitable adjudication of this matter. Accordingly, this court reversed the judgment and remanded the matter for further | .proceedings. Williams v. Williams, 2000-2262, pp. 4-5 (La.App. 1st Cir.5/10/02), 818 So.2d 900, 902-903.
On December 11, 2002, after remand of the matter, Agnes joined Kimberly and Charles Legarde as defendants. The Le-gardes responded by filing exceptions of no cause of action, contending that Agnes had no cause of action against Charles Legarde in that he was not the owner of the property in question and that the notice of lis pendens filed on June 25, 1996 with the petition in this matter was ineffective as to Kimberly Legarde because it had not been filed in the mortgage records as required by LSA-C.C.P. arts. 3751 and 3752.
Following a hearing, the trial court maintained both exceptions, dismissed Agnes’ suit against Kimberly and Charles Legarde, and declared Kimberly Legarde to be the owner of record of the property. From this judgment, Agnes appeals only the ruling maintaining the exception of no cause of action as to Kimberly Legarde.
DISCUSSION
The function of the peremptory exception of no cause of action is to question whether the law extends a remedy against the defendant to anyone under the factual allegations presented. Industrial Companies, Inc. v. Durbin, 2002-0665, p. 6 (La.1/28/03), 837 So.2d 1207, 1213. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. LSA-C.C.P. art. 931. Therefore, the court reviews the petition and accepts the well-pleaded allegations of fact as true, and the issue at trial of the exception is whether, on the face of the petition, the plaintiff is *480 legally entitled to the relief sought. B & C Electric, Inc. v. East Baton Rouge Parish School Board, 2002-1578, p. 4 (La.App. 1st Cir.5/9/03), 849 So.2d 616, 619. Furthermore, the facts shown in any annexed ^documents must also be accepted as true. B & C Electric, Inc., 2002-1578 at p. 4, 849 So.2d at 619. In reviewing a trial court’s ruling maintaining an exception of no cause of action, the reviewing court conducts a de novo review because the exception raises a question of law. B & C Electric, Inc., 2002-1578 at p. 4, 849 So.2d at 619.
In her petition, Agnes alleged that she had donated certain immovable property to Michael and that she sought to revoke the donation to Michael on the grounds that he had engaged in cruel treatment and ingratitude. Together with her petition, Agnes filed a notice of lis pendens which, by the stamp affixed thereto, reflects that the notice was filed in the conveyance records of Iberville Parish rather than in the mortgage records.
In support of her exception of no cause of action, Kimberly Legarde argued, and the trial court agreed, that LSA-C.C.P. arts. 3751 and 3752 provide that to be effective against third parties, a notice of lis pendens must be filed in the mortgage records of the parish in which the immovable property is located. On appeal, Agnes contends that the trial court erred in its ruling because the recording of the notice of lis pendens in the conveyance records is sufficient to provide notice to a prospective purchaser that there was pending litigation involving the property being transferred.
The purpose of a notice of lis pen-dens is to give effective notice to third persons of the pendency of an action affecting title to, or asserting a mortgage or lien on, immovable property. LSA-C.C.P. art. 3751; Campbell v. Melton, 2001-2578, p. 5 n. 4 (La.5/14/02), 817 So.2d 69, 74 n. 4; L.E.C., Inc. v. Collins, 332 So.2d 565, 568 (La.App. 1st Cir.1976). The proper recor-dation of the notice of lis pendens makes the outcome of the suit of which notice is given binding on third parties. Campbell, 2001-2578 at p. 5 n. 4, 817 So.2d at 74 n. 4.
1 .¡Louisiana Code of Civil Procedure article 3751 provides that the pendency of an action affecting the title to, or asserting a mortgage or privilege on, immovable property does not constitute notice to a third person unless a notice of pendency of the action (ie., a notice of lis pendens) is filed or recorded as required by LSA-C.C.P. art. 3752. The form prescribed by law for a notice of lis pendens is found in LSA-C.C.P. art. 3752, which requires that the notice of lis pendens “shall be recorded in the mortgage office of the parish where the property to be affected is situated” and provides that the notice of lis pendens has effect “from the time of the filing for re-cordation.” (Emphasis added).
On appeal, Agnes argues that the language of LSA-C.C.P. art. 3752 requiring recordation in the “mortgage office” should be read to mean “the Office of the Clerk and Recorder of Mortgages” of the particular parish where the property is situated. Thus, she argues that the notice of lis pendens at issue, although recorded in the conveyance records rather than the mortgage records, was properly filed in that it was filed in the “office” of the Clerk and Recorder for Iberville Parish. This filing, she therefore asserts, constitutes public notice to all parties. We disagree.
As set forth above, the plain wording of LSA-C.C.P. art. 3752 sets forth that a notice of lis pendens be filed in the “mortgage office.” In interpreting prior Act 22 *481 of 1904[1] which likewise required that a notice of lis pendens be filed in the “mortgage office,” the Louisiana Supreme Court held that “the only effective notice is the filing of the notice of lis pendens, and its registry in the mortgage records.” Continental Securities Corporation v. Wetherbee, 187 La. 773, 808, 175 So. 571, 582 (1937)(on rehearingXemphasis added). Additionally, the Orleans Appellate Court held that Act 22 of 1904 did not authorize that the notice of lis pendens “be inscribed in the conveyance office at all.” Rather, the court concluded, Act 22 of 1904 obviously provided for filing of the notice of lis pendens “in the mortgage office only.” Richardson v. Charles Kirsch & Co., 189 So. 146, 153 (La.App.Orleans 1939).
Similarly, we must conclude that the requirement in LSA-C.C.P. art. 3752 that a notice of lis pendens be filed in the “mortgage office” to be effective against third persons contemplates filing of the notice in the mortgage records and dictates that effective notice is achieved only upon “its registry in the mortgage records.” See Richardson, 189 So. at 153.
In support of her assertion that “mortgage office” should be read to mean “Office of the Clerk and Recorder of Mortgages,” Agnes notes that Louisiana’s public records doctrine, embodied in LSA-R.S. 9:2721 et seq., provides that no acts concerning immovable property shall have effect against third parties until deposited in the office of the parish recorder or register of conveyances of the parish where the immovable property is located. See LSA-R.S. 9:2721, 9:2744 and 9:2754.[2]
l7The public records doctrine provides that no written instrument affecting immovable property shall be binding on or affect third persons “unless and until filed for registry in the office of the parish recorder of the parish where the land or immovable is situated.” See LSA-R.S. 9:2721(A). The public records doctrine is essentially a negative doctrine declaring that what is not recorded is not effective except between the parties, and that a third party in purchasing, or otherwise dealing with, immovable property is entitled to rely upon the absence from the public records of any unrecorded interest in the property. LSA-R.S. 9:2722; Hospital Service District No. 2 of Parish of Lafourche v. Community Bank of Lafourche, 2000-1035, p. 10 n. 9 (La.App. 1st Cir.6/22/01), 790 So.2d 688, 696 n. 9.
*482 In the instant case, however, we do not believe that the statutes cited by Agnes relieve her of the duty of recording her notice of lis pendens in the proper office. Louisiana Code of Civil Procedure articles 3751 and 3752 constitute the more specific law, in that these articles are the law specifically governing notices of lis pendens, and are clear and unambiguous in their meaning. Accordingly, these codal provisions must be applied herein as written. See LSA-C.C. art. 9 (when a law is clear and unambiguous and its application does not lead to absurd consequences, it should be applied as written), and Smith v. St Tammany Fire Protection District No. 1, 97-2003, p. 5 (La.App. 1st Cir.9/25/98), 723 So.2d 994, 997, writ denied, 98-3075 (La.2/12/99), 738 So.2d 572, (in instances of conflict, the law specifically directed to the matter at issue must prevail as an exception to the statute more general in character); see also LSA-R.S. 9:2756 (providing that under the public records doctrine the recording of sales, contracts and judgments affecting immovable property shall have effect from the time when the act is deposited in the proper office and indorsed by the proper officer).
IsBecause the facts as established and accepted as true for purposes of this exception by the petition and attached notice of lis pendens demonstrate that the notice of lis pendens was filed in the conveyance records only, and not in the mortgage records, Kimberly Legarde has established that Agnes fails to state a cause of action against her. Specifically, Kimberly Le-garde cannot be bound by the outcome of the litigation between Agnes and Michael Williams where Agnes failed to properly record a notice of lis pendens.
For these reasons, we find no error in the trial court’s judgment maintaining Kimberly Legarde’s exception of no cause of action and dismissing Agnes’ suit against her.
CONCLUSION
For the above and foregoing reasons, the May 8, 2003 judgment of the trial court dismissing Agnes Williams’ suit against Kimberly Legarde is affirmed. Costs of this appeal are assessed against Agnes Williams.
AFFIRMED.

. Act 22 of 1904 provided, in pertinent part, that in order for notice to third parties of the pendency of an action affecting immovable property to be effective, a notice of lis pen-dens "shall be recorded in the mortgage office of the parish where the property to be affected is situated, and shall have effect from the date of filing." (Emphasis added).

. Louisiana Revised Statute 9:2721(A) provides, in pertinent part, "No sale, contract, counter letter, lien, mortgage, judgment, surface lease, oil, gas or mineral lease, or other instrument of writing relating to or affecting immovable property shall be binding on or affect third persons or third parties unless or until filed for registry in the office of the parish recorder of the parish where the land or immovable is situated.”
Louisiana Revised Statute 9:2744 states, "It shall be the duty of the recorder to indorse on the back of each act deposited with him the time it was received by him, and to record the same without delay in the order in which they were received; and such acts shall have effect against third persons only from the date of their being deposited in the office of the parish recorders.”
Revised Statute 9:2754 provides, "No notarial act concerning immovable property shall have any effect against third persons, until the same shall have been deposited in the office of the parish recorder, or register of conveyances of the parish where such immovable property is situated.”