HANS J. LILJEBERG, Judge.
12Intervenor/Appellant, 1011 Group, Inc., appeals the district court’s judgment annulling its April 18, 2012 Judgment of Default in favor of Defendant, Paul Graffag-nino, and against Plaintiff/Appellee, David L. Neeb, and finding 1011 Group, Inc.’s purchase of property from Paul Graffagni-no to be subject to a valid lien and privilege in favor of David L. Neeb. For the following reasons, we affirm.

*355
Factual & Procedural History

On April 1, 2010, Paul Graffagnino retained and entered into a Fee Agreement and Authority to Represent (Contingency Fee) with David L. Neeb, Esq. for services in procuring titles to two tax sale properties. This agreement was recorded on September 22, 2010, in the Jefferson Parish mortgage and conveyance records at MOB 4459-987, COB 3268-933. The contract was executed pursuant to La. R.S. 9:5001 and La. R.S. 37:218 that grant an attorney a first lien and privilege on any property recovered by judgment. Mr. Neeb successfully represented Mr. Graf-fagnino in the matters of Sun Realty, LLC v. Schweggmann’s Westside, Inc. in the 24th Judicial District Court, and Graffagnino v. Mancuso, also in the 24th Judicial District Court, wherein the court granted Mr. Graffagnino full ownership |sof the property located at 308-310 Helios Avenue in Metairie, Louisiana, that is the subject of this litigation.
Mr. Graffagnino did not pay Mr. Neeb’s attorney’s fees in conformity with the fee agreement; therefore, on August 3, 2011, Mr. Neeb filed a Suit to Enforce Lien and Privilege in the 24th Judicial District Court. On September 14, 2011, Mr. Graf-fagnino filed an Answer and Reconven-tional Demand, wherein he disputed signing the fee agreement and sought damages for loss of profit on the sale of the Helios property and for emotional distress. The reconventional demand was not served upon Mr. Neeb until March 26, 2012. On April 12, 2012,- Mr. Graffagnino filed a Motion for Preliminary Default. On April 17, 2012, Mr. Neeb fax-filed an Answer to Reconventional Demand and filed a hard copy with the Clerk of Court on April 19, 2012. On April 18, 2012, Mr. Graffagnino obtained a Judgment of Default against Mr. Neeb. On April 19, 2012, Mr. Graffagnino additionally obtained an Order for Cancellation of the Fee Agreement thereby cancelling Mr. Neeb’s lien and privilege on the Helios property.[1]
Thereafter, Mr. Graffagnino sold the Helios property to 1011 Group, Inc. via quitclaim deed for valid consideration on April 26, 2012.[2] On June 28, 2012, Mr. Neeb sought to annul the default judgment against him. Further, on July 26, 2012, 1011 Group, Inc. filed to intervene, contending that no open liens encumbered the Helios property at the time of purchase.
Trial was held on March 26, 2013, after which the district court issued a judgment declaring its April 18, 2012 default judgment against Mr. Neeb null; that Mr. Neeb possesses a valid lien and privilege on the Helios property; and that 1011 Group, Inc.’s purchase of the Helios property is subject to Mr. Neeb’s lien and ^privilege. It is from this judgment that Intervenor/Appellant, 1011 Group, Inc., appeals.

Law & Discussion

Assignment of Error No. 1

In its first assignment of error, 1011 Group, Inc. argues that the district court erroneously declared null the April 18, 2012 Judgment of Default. First, appellant challenges the district court’s finding that Mr. Neeb’s fax-filed and subsequently-filed hard copy of his Answer to Recon-ventional Demand with the clerk of court was properly and timely filed to render the April 18, 2012 Judgment of Default null.
La. R.S. 13:850 provides that any paper in a civil action may be filed with the court *356 by facsimile transmission. A filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. Id. The facsimile when filed has the same force and effect as the original. Id. Within five days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the original signed document, filing and transmission fee.[3] Id. If the party fails to comply with these requirements, the facsimile filing shall have no force or effect. Id.
The record reflects that Mr. Neeb fax-filed an Answer to Reconventional Demand on April 17, 2012, and subsequently filed a hard copy of the answer on April 19, 2012. Therefore, Mr. Neeb filed the pleading within two days of the fax filing, well within the period prescribed by La. R.S. 13:850.[4] Additionally, a ^receipt of transmission of the filing sent by the clerk of court, dated April 17, 2012, was entered into evidence. Accordingly, the district court properly found that Mr. Neeb’s fax filing conformed to the requirements of La. R.S. 13:850. Therefore, Mr. Neeb properly and timely answered Mr. Graf-fagnino’s reconventional demand on April 17, 2012, prior to confirmation of the default judgment entered on April 18, 2012. See La. C.C.P. art. 1002, providing that a defendant may file his answer at any time prior to confirmation of a default judgment against him.
Second, 1011 Group, Inc. argues that no “ill practice” was perpetrated by Mr. Graf-fagnino in either obtaining the Judgment of Default on April 18, 2012, or in obtaining the Order for Cancellation of the Fee Agreement; therefore, Mr. Neeb’s lien and privilege on the Helios property was properly cancelled.
La. C.C.P. art. 2004 provides that “a final judgment obtained by fraud or ill practices may be annulled.” In Russell v. Illinois Central Gulf Railroad, 96-2649 (La.1/10/97), 686 So.2d 817, 819, citing Kem Search, Inc. v. Sheffield, 434 So.2d 1067, 1070 (La.1983), the Louisiana Supreme Court further expounded that Article 2004 “is not limited to cases of actual fraud or wrongdoing, but is sufficiently broad enough to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable.”
Further, La. C.C.P. art. 1702, relative to confirmation of default judgments, provides in part:
When a judgment of default has been entered against a party that is in default after having made an appearance of record in the case, notice of the date of the entry of the judgment of default must be sent by certified mail by the party obtaining the judgment of default to counsel of record for the party in default, or *357 if there is no counsel of [ firecord, to the party in default, at least seven days, exclusive of holidays, before confirmation of the judgment of default.
According to the 2001 comments, Article 1702 was amended to conform the default procedure to the rationale of Russell, supra, wherein the supreme court held that confirmation of a default judgment without notice against a party that had filed pleadings constituting an appearance of record was an ill practice. Crump v. Bank One Corp., 35,990 (La.App. 2 Cir. 5/8/02), 817 So.2d 1187, 1192.
The record reflects that Mr. Neeb properly filed an answer to Mr. Graffagni-no’s reconventional demand prior to the confirmation of default. Moreover, Mr. Neeb’s participation in the litigation was evidenced by the initial filing of the suit and Mr. Graffagnino’s answer. Further, at trial, Mr. Graffagnino testified that he did not send notice to Mr. Neeb of the date of the entry of the judgment of default either by certified mail or other means before obtaining the confirmation of default.
Under these circumstances, we find Mr. Graffagnino’s actions in obtaining the Judgment of Default and Order for Cancellation of the Fee Agreement against Mr. Neeb in this case constitute ill practices under La. C.C.P. art. 2004. Accordingly, the district court properly annulled both the default judgment and order of cancellation of the lien and privilege obtained by Mr. Graffagnino against Mr. Neeb.

Assignment of Error No. 2

In its second assignment of error, 1011 Group, Inc. maintains that it was a good faith purchaser and is afforded protection under the public records doctrine relative to Mr. Neeb’s lien and privilege on the Helios property.
|7The public records doctrine and its basic principles of recordation are set forth in La. C.C. art. 3338, et seq., which protect third persons from the effect of unrecorded instruments affecting immovable property. La. C.C. art. 3338 provides in pertinent part:
The rights and obligations established or created by the following written instruments are without effect as to a third person unless the instrument is registered by recording it in the appropriate mortgage or conveyance records pursuant to the provisions of this Title:
(1) An instrument that transfers an immovable or establishes a real right in or over an immovable.
Therefore, under the public records doctrine, a third party purchaser is entitled to rely on the absence from the public records of any unrecorded interest in the property and may rely on the ownership status of real property as reflected on the face of the public record. Schudmak v. Prince Phillip Partnership, 573 So.2d 547, 551 (La.App. 5th Cir.1991). Mr. Neeb’s attorney’s lien and privilege on the Helios property clearly is an instrument that established a real right in or over an immovable that generally must be recorded to have effect against third party purchasers. However, an exception to the public records doctrine exists where a mortgage is cancelled from the public records through fraud, error or mistake. The cancellation of a mortgage through fraud, error or mistake, without the consent or knowledge of the holder, does not deprive the holder of his security, even as against third parties dealing with the property in good faith in reliance on the public records. Schudmak, supra at 551; Hiers v. Dufreche, 12-1132, 2013 WL 2395055, at *4 (La.App. 1 Cir. 5/31/13); McL. Development Company, Inc. v. Pyburn, 268 So.2d 296, 298 (La.App. 2nd Cir.1972); Davis-Wood Lumber *358 Company v. DeBrueys, 200 So.2d 916, 916 (La.App. 1st Cir.1967); National Acceptance Company of America v. Wallace, 194 So.2d 194, 201 (La.App. 2nd Cir.1967), writs denied, 250 La. 467 and 470, 196 So.2d 533 and 534 (La.1967).
18Cases involving fraudulent or erroneous cancellations, in which the exception to the public records doctrine has been applied, involve mortgage holders who did not know or consent to the cancellation and who had no way of knowing of the wrongful cancellation of the mortgage and no means of protecting their security interests in the property. In many of these cases, the mortgage holder becomes aware of the cancellation only after a sale of the property to a third party. In such cases, mortgage holders are limited in the methods available to correct the wrongful cancellations and to protect their security interests. Therefore, the exception to the public records doctrine is necessary in the interest of justice. Schudmak, supra at 551, citing Central Bank v. Frost, 552 So.2d 508, 512 (La.App. 2nd Cir.1989), writ denied, 556 So.2d 59 (La.1990), cert. denied, 498 U.S. 827, 111 S.Ct. 83, 112 L.Ed.2d 55 (1990). See also Hiers, supra at *4; Ralston Purina Company v. Cone, 344 So.2d 95 (La.App. 2nd Cir.1977).
Similarly, in this case, Mr. Neeb did not become aware of the default judgment, order for cancellation of the fee agreement, or subsequent sale of the Helios property until after the sale, at which time he sought to annul the default judgment and order for cancellation. This fact is corroborated by Mr. Graffagnino’s testimony at trial that he did not send notice to Mr. Neeb of the date of the entry of the judgment of default either by certified mail or other means before obtaining the confirmation of default. Therefore, because Mr. Neeb did not know of or consent to the cancellation, had no way of knowing of the erroneous cancellation by the district court of the lien and privilege, and had no means of protecting his security interests in the property prior to the confection of its sale, the application of the exception to the public records doctrine in this case is necessary in the interest of justice. Central Bank, supra at 512; Hiers, supra at *6.
| ¡Accordingly, based upon this Court’s finding that the district court properly nullified the Judgment of Default and Order for Cancellation of the Fee Agreement due to ill practices without the knowledge of Mr. Neeb, we additionally find that the district court properly ruled that Mr. Neeb’s lien and privilege on the Helios property are valid, and that 1011 Group, Inc.’s purchase of said property is subject to Mr. Neeb’s lien and privilege.

Decree

Considering the foregoing, we affirm the March 26, 2013 judgment of the district court.

AFFIRMED.

. The cancellation was recorded in the Jefferson Parish mortgage and conveyance records at COB 3294-999 on April 19, 2012.

. The sale was recorded in the Jefferson Parish mortgage and conveyance records at COB 3295-374 on April 26, 2012.

. La. R.S. 13:850 was subsequently amended by Acts 2012, No. 226, § 1, extending the period from five days to seven days in which to file the original document.

. Appellant argues that the original pleading faxed to the clerk of court on April 17, 2012, was not the original document filed at the clerk of court on April 19, 2012. Both the faxed copy and hard copy of Mr. Neeb’s pleading were entered into evidence at trial. The hard copy filed on April 19, 2012, is a duplicate of the fax filing with the exception of the title of the pleading. Mr. Neeb testified that at the direction of the clerk of court, he added handwritten language to the title of the pleading to conform to the original faxed filing. With the addition of the titled language, the documents are identical.